IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERUB LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:23-cv-01217 |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant State Automobile Mutual Insurance Company ("State Auto" or "Defendant") files this First Amended Answer and Defenses to Plaintiff's Original Petition, and would respectfully show as follows:

## I.    STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant makes the following admissions and denials to Plaintiff Ferub, LLC's ("Plaintiff") claims as asserted in its Original Petition (Doc. No. 1-1)[1] as authorized by Federal Rule of Civil Procedure 8(b):

## I.    DISCOVERY CONTROL PLAN

1.    The "I. Discovery Control Plan" section of Plaintiff's Original Petition addresses the discovery control plan level in Texas state court and does not require a response from State Auto.  State Auto admits discovery is subject to the Federal Rules of Civil Procedure and this Court's scheduling order.

---

[1]    Plaintiff's Original Petition (Doc. No. 1-1) does not contain individually numbered paragraphs. This First Amended Answer will treat each paragraph in Plaintiff's Original Petition as if it were numbered and respond to the allegations of each paragraph by separate numbered paragraph herein.

## II.    PARTIES

2.        Upon information and belief, State Auto admits that Plaintiff owns the insured premises located at 518 1ˢᵗ Street E, Humble, Texas 77338 (the "Property").

3.        State Auto admits it is authorized to do business in Texas, is a corporation organized under the laws of Ohio, and maintains its principal place of business in Ohio. State Auto admits it has been served and has appeared in this lawsuit. State Auto denies the remaining allegations set forth in the second paragraph under the "II. The Parties" section of Plaintiff's Original Petition.

## III.    CLAIMS FOR RELIEF

4.        The "III. Claims for Relief" section of Plaintiff's Original Petition addresses the pleading requirements of Texas Rule of Civil Procedure 47, which does not require a response from State Auto. To the extent a response is required, State Auto denies the allegations in the "III. Claims for Relief" section of Plaintiff's Original Petition. State Auto further denies that Plaintiff is entitled to the relief sought in the "III. Claims for Relief" section of Plaintiff's Original Petition.

## IV.    JURISDICTION AND VENUE

5.        The first paragraph under the "IV. Jurisdiction and Venue" section of Plaintiff's Original Petition addresses jurisdiction in Texas state court and does not require a response from State Auto. To the extent a response is required, State Auto admits that the United States District Court for the Southern District of Texas, Houston Division has jurisdiction in this case.

6.        The second paragraph under the "IV. Jurisdiction and Venue" section of Plaintiff's Original Petition addresses jurisdiction in Texas state court and does not require a response from State Auto. To the extent a response is required, State Auto admits that the United States District Court for the Southern District of Texas, Houston Division has jurisdiction over it in this case.

7.     The third paragraph under the "IV. Jurisdiction and Venue" section of Plaintiff's Original Petition addresses jurisdiction in Texas state court and does not require a response from State Auto. To the extent a response is required, State Auto admits that it conducts business in the State of Texas and that the United States District Court for the Southern District of Texas, Houston Division has jurisdiction over it in this case. State Auto denies the remaining allegations contained in the "IV. Jurisdiction and Venue" section of Plaintiff's Original Petition.

8.     The fourth paragraph under the "IV. Jurisdiction and Venue" section of Plaintiff's Original Petition addresses venue in Texas state court and does not require a response from State Auto. To the extent a response is required, State Auto admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division.

## V.    FACTUAL BACKGROUND

9.     State Auto admits that it issued policy number 10066714CB to Plaintiff, which insured the property located at 518 1st St E, Humble, TX 77338-4615 for the policy period of April 9, 2021, to April 9, 2022 (the "Policy"), subject to the Policy's conditions, limitations, and exclusions. State Auto denies the remaining allegations set forth in the first paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

10.     Upon information and belief, State Auto admits that Plaintiff owns the insured premises located at 518 1st St E, Humble, TX 77338-4615 (the "Property"). State Auto admits it issued the Policy to Plaintiff.

11.     State Auto admits that on or about January 10, 2022, Plaintiff reported a claim for alleged tornado damage to the Property on January 9, 2022, to which State Auto assigned claim number PR-0000000-404684 (the "Claim"). State Auto admits that January 9, 2022, is within the Policy's policy period. State Auto admits that it retained Alacrity Claims Solutions ("Alacrity

Claims") to inspect the alleged damages to the Property. State Auto further admits that Alacrity Claims adjuster Brandon Cormier ("Cormier") inspected the Property on January 13, 2022, and that Cormier authored a report of his findings. State Auto denies the remaining allegations set forth in the third paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

12.     State Auto denies the allegations set forth in the fourth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

13.     State Auto denies the allegations set forth in the fifth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

14.     State Auto denies the allegations set forth in the sixth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

15.     State Auto denies the allegations set forth in the seventh paragraph the "V. Factual Background" section of Plaintiff's Original Petition.

16.     State Auto denies the allegations set forth in the eighth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

17.     State Auto admits that Plaintiff demanded State Auto issue Policy benefits resulting from the Claim. State Auto denies the remaining allegations in the ninth paragraph under the "V – Factual Background" section of Plaintiff's Original Petition.

18.     State Auto denies the allegations set forth in the tenth paragraph under the "V Factual Background" section of Plaintiff's Original Petition.

19.     State Auto denies the allegations set forth in the eleventh paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

20.     State Auto denies the allegations set forth in the twelfth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

21.     The thirteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the thirteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

22.     The fourteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the fourteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

23.     The fifteenth paragraph under the "V. Factual Background" section of Plaintiff's Original petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the fifteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

24.     The sixteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the sixteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

25.     The seventeenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the seventeenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

26.     The eighteenth paragraph under the "V – Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto.

State Auto otherwise denies the allegations set forth in the eighteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

27.     The nineteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the eighteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

28.     The twentieth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the eighteenth paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

29.     State Auto denies the allegations set forth in the twenty-first paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

30.     State Auto admits Plaintiff retained the Flores & Pelaez-Prada, PLLC to represent it in this lawsuit. State Auto denies the remaining allegations set forth in the twenty-second paragraph under the "V. Factual Background" section of Plaintiff's Original Petition.

**VI.     CAUSES OF ACTION AGAINST STATE AUTO MUTUAL INSURANCE**

31.     The first paragraph under the "VI. Causes of Action Against State Auto Mutual Insurance" section of Plaintiff's Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by State Auto. To the extent that a response is required, State Auto reasserts its admissions and denials set forth in the foregoing paragraphs of this Answer.

32.     The second paragraph under the "VI. Causes of Action Against State Auto Mutual Insurance" section of Plaintiff's Original Petition states several legal conclusions and does not

require a response from State Auto. State Auto otherwise denies the allegations set forth in the second paragraph under the "VI. Causes of Action" section of Plaintiff's Original Petition.

## A.    BREACH OF CONTRACT

33.    The first paragraph under the "VI.A. Breach of Contract" subsection of Plaintiff's Original Petition states a legal conclusion and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the first paragraph under the "VI.A. Breach of Contract" subsection of Plaintiff's Original Petition.

## B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### 1.    UNFAIR SETTLEMENT PRACTICES

34.    The first paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the first paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition.

35.    The second paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the second paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition.

36.    The third paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the third paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition.

37.    The fourth paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition states a legal conclusion and does not require a response from State

Auto. State Auto otherwise denies the allegations set forth in the fourth paragraph under the "VI.B.1. Unfair Settlement Practices" subsection of Plaintiff's Original Petition.

### 2.    THE PROMPT PAYMENT OF CLAIMS

38.    The first paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the first paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition.

39.    The second paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition states several legal conclusions and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the second paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition.

40.    The third paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition states a legal conclusion and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the third paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition.

41.    The fourth paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition states a legal conclusion and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the fourth paragraph under the "VI.B.2. The Prompt Payment of Claims" subsection of Plaintiff's Original Petition.

### C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

42.    The first paragraph under the "VI.C. Breach of the Duty of Good Faith and Fair Dealing" subsection of Plaintiff's Original Petition states a legal conclusion and does not require

a response from State Auto. State Auto otherwise denies the allegations set forth in the first paragraph of the "VI.C. Breach of the Duty of Good Faith and Fair Dealing" subsection of Plaintiff's Original Petition.

43.    The second paragraph under the "VI.C. Breach of the Duty of Good Faith and Fair Dealing" subsection of Plaintiff's Original Petition states a legal conclusion and does not require a response from State Auto. State Auto otherwise denies the allegations set forth in the second paragraph under the "VI.C. Breach of the Duty of Good Faith and Fair Dealing" subsection of Plaintiff's Original Petition.

## VIII.    KNOWLEDGE

44.    State Auto denies the allegations set forth in the sole paragraph under the "VIII. Knowledge" section of Plaintiff's Original Petition.

## IX.    DAMAGES

45.    The first paragraph under the "IX. Damages" section of Plaintiffs' Original Petition addresses the pleading requirements of Rule 47 of the Texas Rules of Civil Procedures, and does not require a response from State Auto. To the extent a response is required, State Auto denies the allegations in the first paragraph under the "IX. Damages" section of Plaintiffs' Original Petition. State Auto further denies that Plaintiff is entitled to the relief sought in the first paragraph under the "IX. Damages" section of Plaintiffs' Original Petition.

46.    State Auto denies the allegations set forth in the second paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

47.    State Auto denies the allegations set forth in the third paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

48.     State Auto denies the allegations set forth in the fourth paragraph under the "IX. Damages" section of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought in the fourth paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

49.     State Auto denies the allegations set forth in the fifth paragraph under the "IX. Damages" section of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought in the fifth paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

50.     State Auto denies the allegations set forth in the sixth paragraph under the "IX. Damages" section of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought in the sixth paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

51.     State Auto denies the allegations set forth in the seventh paragraph under the "IX. Damages" section of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought in the seventh paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

52.     State Auto denies the allegations set forth in the eighth paragraph under the "IX. Damages" section of Plaintiff's Original Petition and further denies that Plaintiff is entitled to the relief sought in the eighth paragraph under the "IX. Damages" section of Plaintiff's Original Petition.

## IX. CONDITIONS PREDECENT

53.     The first paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition is introductory and requires no response from State Auto.

54.    State Auto denies the allegations set forth in the second paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

55.    State Auto denies the allegations set forth in the third paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

56.    State Auto denies the allegations set forth in the fourth paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

57.    State Auto denies the allegations set forth in the fifth paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

58.    State Auto denies the allegations set forth in the sixth paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

59.    State Auto denies the allegations set forth in the seventh paragraph the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

60.    State Auto denies the allegations set forth in the eighth paragraph under the "IX. Conditions Precedent" section of Plaintiff's Original Petition.

## X.  JURY DEMAND

61.    The sole paragraph under the "X. Jury Demand" section of Plaintiff's Original Petition is Plaintiff's demand for a jury trial and does not require a response from State Auto.

## XI.  PRAYER

62.    State Auto denies the allegations set forth in the Prayer section of Plaintiff's Original Petition. State Auto further denies that Plaintiff is entitled to the relief sought in the Prayer section of Plaintiff's Original Petition.

## II.  STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S DEFENSES

63.    In addition to the foregoing specific denials, Defendant asserts, without limitation, the following defenses:

**First Defense**
**Policy Provisions**

64.    Plaintiff cannot recover, in whole or in part, on its breach of contract claim, and consequently on any of the other causes of action alleged in its Plaintiff's Original Petition, because the Policy contains exclusions and provisions negating coverage, in whole or in part, for the damages alleged by Plaintiff. Defendant's contractual obligations are determined by the terms, conditions, limitations, and exclusions contained in the Policy and Defendant relies on such terms, conditions, limitations, and exclusions in defense of the claims asserted against it. Potentially applicable Policy provisions include but are not limited to those listed below:

**Businessowners Policy**
**Common Policy Declaration**

\*\*\*

**Named Insured and Mailing Address:**
**Ferub LLC**
518 1st ST E
Humble, TX 77338-4615

| Policy Number | Policy Period | Coverage is provided by the following State Auto Company |
|---|---|---|
| 10066714CB | 04/09/21 – 04/09/22 | State Automobile Mutual Insurance Company |

The coverage and these declarations are effective at 12:01 a.m. standard time on 04/09/2021 at the above mailing address.

**Business Information**

| Business Type | Business Description | Entity Type |
|---|---|---|
| Mixed | Undetermined | LLC |

\*\*\*

**Property Coverages**

Coverages provided by your Businessowners Policy are described in the coverage forms and endorsements attached to your policy and identified in these declarations. The most we will pay for any once occurrence is the greatest of the applicable limit of insurance shown below. Higher limits shown below supersede limits for the same coverage described in the coverage forms and endorsements.

**Policy-wide**

| Coverage | Limit | Premium |
|---|---|---|
| Accounts Receivable | | |
| - Off-Premises | $5,000 | |
| - On-Premises | $10,000 | |
| Business Income and Extra Expense | 12 Consecutive Months – Actual Loss Sustained | |
| - Extended Period of Indemnity Number of Days | 60 | |
| - Ordinary Payroll Number of Days | 60 | |
| Business Income from Dependent Properties | $5,000 | |
| Business Personal Property Temporarily in Portable Storage Units | $10,000 | |
| Electronic Date | $10,000 | |
| Forgery or Alternation ($500 Deductible) | $2,500 | |
| Interruption Of Computer Operations | $10,000 | |
| Limited Fungi, Wet Rot, or Dry Rot | $15,000 | |
| Money Orders and Counterfeit Currency | $1,000 | |
| Outdoor Property | $2,500 | |
| Valuable papers and Records | | |
| - Off-Premises Limit | $5,000 | |
| - On-Premises Limit | $10,000 | |

**Locations**
Premise 1: 518 1ST ST E, HUMBLE, TX 77338-4615
Building 1
***

| Building | Coverage | Limit | Premium |
|---|---|---|---|
| 1 | Building – Replacement Cost | $786,462 | $4,753.00 |
| All | Appurtenant Structures | | |
| 1 | Building Limit- Automatic Increase | 2% | |
| 1 | Debris Removal Additional Insurance | $25,000 | |
| All | Fire Department Service Charge | $2,500 | |
| 1 | Newly Acquired or Constructed Property | $250,000/$100,000 | |
| All | Property Deductibles ($1,000 Ded) | | |

| All | Windstorm or Hail Percentage Deductible (2%) | | |
|-----|----------------------------------------------|--|--|

***

**Additional Interests: [MODIFIED BY AMENDMENT]**

***

**BUSINESSOWNERS COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Coverage Form, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance. ***
Other words and phrases that appear in quotation marks have special meaning. Refer to Paragraph **H.** Property Definitions in Section **I** . . ..

***

**SECTION I – PROPERTY**
  **A. Coverage**
    We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
    **1. Covered Property**
      Covered Property includes Buildings as described under Paragraph **a.** below, Business Personal Property as described under Paragraph **b.** below, or both, depending on whether a Limit Of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph **2.** Property Not Covered.
      **a.** Buildings, meaning the buildings and structures at the premises described in the Declarations, including:
        **(1)** Completed additions;
        **(2)** Fixtures, including outdoor fixtures;
        **(3)** Permanently installed:
          **(a)** Machinery; and
          **(b)** Equipment;
        **(4)** Your personal property in apartments, rooms or common areas furnished by you as landlord;
        **(5)** Personal property owned by you that is used to maintain or service the buildings or structures or the premises, including:
          **(a)** Fire extinguishing equipment;
          **(b)** Outdoor furniture;
          **(c)** Floor coverings; and
          **(d)** Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

***

14

2. **Property Not Covered**

Covered Property does not include:

\*\*\*

**e.** Outdoor fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, signs (other than signs attached to buildings), trees, shrubs or plans (other than trees, shrubs or plants which are part of a vegetated roof), all except as provided in the:

(**1**) Outdoor Property Coverage Extension;

Or

(**2**) Outdoor Signs Optional Coverage;

\*\*\*

3. **Covered Causes Of Loss**

Direct physical loss unless the loss is excluded or limited under Section **I** – Property.

4. **Limitations**

**a.** We will not pay for loss or damage to:

\*\*\*

(**5**) The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

(**a**) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

(**b**) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure;

\*\*\*

5. **Additional Coverages**

\*\*\*

**I.** **Increased Costs Of Construction**

(**1**) This Additional Coverage applies only to buildings insured on a replacement cost basis.

(**2**) In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the minimum standards of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in Paragraphs (**3**) through (**9**) of this Additional Coverage.

(**3**) The ordinance or law referred to in Paragraph (**2**) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises and is in force at the time of loss.

(**4**) Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:

(**a**) You were required to comply with before the loss, even when the building was undamaged; and

(**b**) You failed to comply with.

(**5**) Under this Additional Coverage, we will not pay for:

(**a**) The enforcement of or compliance with any ordinance or law which requires demolition, repair, replacement, reconstruction, remodeling or

15

remediation of property due to contamination by "pollutants" or due to the presence, growth, proliferation, spread or any activity of "fungi", wet rot or dry rot; or

**(b)** Any costs associated with the enforcement of or compliance with an ordinance or law which requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants", "fungi", wet rot or dry rot.

**(6)** The most we will pay under this Additional Coverage, for each described building insured under Section **I** – Property, is $10,000. If a damaged building(s) is covered under a blanket Limit of Insurance which applies to more than one building or item of property, then the most we will pay under this Additional Coverage, for each damaged building, is $10,000.

The amount payable under this Additional Coverage is additional insurance.

**(7)** With respect to this Additional Coverage:

**(a)** We will not pay for the Increased Cost of Construction:

**(i)** Until the property is actually repaired or replaced, at the same or another premises; and

**(ii)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

**(b)** If the building is repaired or replaced at the same premises, or if you elect to rebuild at another premises, the most we will pay for the Increased Cost of Construction is the increased cost of construction at the same premises.

**(c)** If the ordinance or law requires relocation to another premises, the most we will pay for the Increased Cost of Construction is the increased cost of construction at the new premises.

\*\*\*

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

**a. Ordinance Or Law**

**(1)** The enforcement of or compliance with any ordinance or law:

**(a)** Regulating the construction, use or repair of any property; or

**(b)** Requiring the tearing down of any property, including the cost of removing its debris.

**(2)** This exclusion, Ordinance Or Law, applies whether the loss results from:

**(a)** An ordinance or law that is enforced event if the property has not been damaged; or

**(b)** The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property or removal of its debris, following a physical loss to that property.

16

**b. Earth Movement**
    **(1)** Earthquake, including tremors and aftershocks and any earth sinking, rising or shifting related to such event;
    **(2)** Landslide, including any earth sinking, rising or shifting related to such event;
***
    **(4)** Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.
***
**g. Water**
    **(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);
***
    **(4)** Water under the ground surface pressing on, or flowing or seeping through;
        **(a)** Foundations, walls, floors or paved surfaces;
        **(b)** Basements, whether paved or not; or
        **(c)** Doors, windows or other openings;
***
**i. "Fungi", Wet Rot Or Dry Rot**
    Presence, growth, proliferation, spread or any activity of "fungi", wet rot or dry rot.
***
**2.** We will not pay for loss or damage caused by or resulting from any of the following:
***
**b. Consequential Loss**
    Delay, loss of use or loss of market.
***
**k. Neglect**
    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.
**l. Other Types Of Loss**
    **(1)** Wear and tear;
    **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
    **(3)** Smog;
    **(4)** [MODIFIED BY ENDORSEMENT]
***
**p. Continuous Or Repeated Seepage Or Leakage Of Water**
    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.
**3.** We will not pay for loss or damage caused by or resulting from any of the following Paragraphs **a.** through **c.** But if any excluded cause of loss that is listed in Paragraphs

17

**a.** through **c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**a. Weather Conditions**

Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **B.1.** above to produce the loss or damage.

**b. Acts Or Decisions**

Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

**c. Negligent Work**

Faulty, inadequate, or defective:

**(1)** Planning, zoning, development, surveying, siting;

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance;

of part or all of any property on or off the described premises.

\*\*\*

**C. Limits Of Insurance**

**1.** The most we will pay for loss or damage in any one occurrence is the applicable Limits Of Insurance of Section **I** – Property shown in the Declarations.

**2.** The most we will pay for loss to damage to outdoor signs attached to buildings is $1,000 per sign in any one occurrence.

\*\*\*

**D. Deductibles**

**1.** We will not pay for loss or damage in any one occurrence until the amount of loss or damage exceeds the Deductible shown in the Declarations. We will then pay the amount of loss or damage in excess of the Deductible up to the applicable Limit of Insurance of Section **I -** Property.

\*\*\*

**E. Property Loss Conditions**

\*\*\*

**2. Appraisal [MODIFIED BY ENDORSEMENT]**

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the policy if a law may have been broken.

**(2)** [MODIFIED BY ENDORSEMENT]

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section **I** – Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** [MODIFIED BY ENDORSEMENT]

**(8)** Cooperate with us in the investigation or settlement of the claim.

**(9)** Resume all or part of your "operations" as quickly as possible.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

**4. Legal Action Against Us [MODIFIED BY ENDORSEMENT]**

**5. Loss Payment**

In the event of loss or damage covered by this policy:

**a.** At our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to Paragraph **d.(1)(e)** below.

*** * ***

**c.** We will not pay you more than your financial interest in the Covered Property.

**d.** Except as provided in Paragraphs **(2)** through **(7)** below, we will determine the value of Covered Property as follows:

**(1)** At replacement cost without deduction for depreciation, subject to the following:

**(a)** If, at the time of loss, the Limit of Insurance on the lost or damaged property is 80% or more of the full replacement cost of the property immediately before the loss, we will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

**(i)** The Limit of Insurance under Section **I** – Property that applies to the lost or damaged property;

**(ii)** The cost to replace, on the same premises, the lost or damaged property with other property:

**i.**     Of comparable material and quality; and

**ii.**     Used for the same purpose; or

**(iii)** The amount that you actually spend that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost is limited to the cost which would have been incurred had the building been built at the original premises.

**(b) [MODIFIED BY ENDORSEMENT]**

*** * ***

**(d)** We will not pay on a replacement cost basis for any loss or damage:

**(i)** Until the lost or damaged property is actually repaired or replaced; and

**(ii)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

**(e)** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

***

**6. Recovered Property**

If either you or we recover any property after loss settlement, that party must give the other prompt notice. At your option, you may retain the property. But then you must return to us the amount we paid to you for the property. We will pay recovery expenses and the expenses to repair the recovered property, subject to the Limits of Insurance of Section **I** – Property.

***

**8. Vacancy**

    **a. Description Of Terms**

    **(1)** As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in Paragraphs **(a)** and **(b)** below:

    **(a)** When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

    **(b)** When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

    **(i)** Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

    **(ii)** Used by the building owner to conduct customary operations.

    (3) Buildings under construction or renovation are not considered vacant.

    **b. Vacancy Provisions**

    If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

    **(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

        **(a)** Vandalism;

        **(b)** Sprinkler leakage, unless you have protected the system against freezing;

        **(c)** Building glass breakage;

        **(d)** Water damage

        **(e)** Theft; or

        **(f)** Attempted theft.

    **(2)** With respect to Covered Causes of Loss other than those listed in paragraphs **(1)(a)** through **(1)(f)** above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

***

**F. Property General Conditions**

***

**3. No Benefit to Bailee**

No person or organization other than you, having custody of Covered Property will benefit from this insurance.

**4. Policy Period, Coverage Territory**

Under Section **I** – Property:

    **a.** We cover loss or damage commencing:

        **(1)** During the policy period shown in the Declarations;

***

## G. Optional Coverages

***

**1. Outdoor Signs**

***

    **c.** We will not pay for loss or damage caused by or resulting from:

        **(1)** Wear and tear;

        **(2)** Hidden or latent defect;

        **(3)** Rust;

        **(4)** Corrosion; or

        **(5)** Mechanical breakdown.

    **d.** The most we will pay for loss or damage in any one occurrence is the Limit Of Insurance for Outdoor Signs shown in the Declarations.

***

## H. Property Definitions

***

**12.** "Specified causes of loss" means the following:

    Fire; lightning; explosion; windstorm or hail; smoke . . ..

***

## SECTION III – COMMON POLICY CONDITOINS (APPLICABLE TO SECTION I – PROPERTY AND SECTION II – LIABILITY)

***

## C. Concealment, Misrepresentation Or Fraud

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:

**1.** This policy;

**2.** The Covered Property;

**3.** Your interest in the Covered Property; or

**4.** A claim under this policy.

## D. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

***

## F. Insurance Under Two Or More Coverages

If two or more of this policy's coverage apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.

***

## H. Other Insurance

21

**1.** If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of Section **I** – Property.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**LOSS PAYABLE CLAUSES**

\*\*\*

The following is added to the **Loss Payment** Property Loss Condition in **Section I – Property,** as shown in the Declarations or in the Schedule.

**A.  Loss Payable Clause**

For Covered Property in which both you and a Loss Payee shown in the Schedule or in the Declarations have an insurable interest, we will:

**1.**  Adjust losses with you; and

**2.**  Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**TEXAS CHANGES**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

\*\*\*

**A. Section I – Property** is amended as follows:

**1.** Paragraph **B. Exclusions** is amended as follows:

**a.** Paragraph **2.I(4)** is replaced by the following:

**(4)** Settling, cracking, shrinking, expansion or contraction;

\*\*\*

**2.** Paragraph **E.2 Appraisal** Property Loss Condition is replaced by the following:

**2. Appraisal**

**a.** If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:

**(1)** Pay its chosen appraiser; and

**(2)** Bear the other expenses of the appraisal and umpire equally.

**b.** If there is an appraisal:

22

**(1)** You will retain your right to bring a legal action against us, subject to the provisions of Paragraph **E.4.** Legal Action Against Us Property Loss Condition; and

**(2)** We will still retain our right to deny the claim.

**3.** Paragraph **E.3. Duties In The Event Of Loss Or Damage** Property Loss Condition is amended as follows:

**a.** Paragraph **a.(2)** is replaced by the following:

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved. However, with respect to loss or damage in the state of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim.

**b.** Paragraph **a.(7)** is replaced by the following:

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

**4.** Paragraph **E.4 Legal Action Against Us** Property Loss Condition is replaced by the following, except as provided in **7.** Below:

**4. Legal Action Against Us**

**a.** Except as provided in Paragraph **b.,** no one may bring a legal action against us under this insurance unless:

**(1)** There has been full compliance with all of the terms of this insurance; and

**(2)** The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

*** * ***

**5.** Paragraph **E.5. Loss Payment** Property Loss Condition is amended as follows:

**a.** Paragraph **5.d.(1)(b)** is replaced by the following:

**(b)** If, at the time of the loss, the Limit of Insurance applicable to the lost or damaged property is less than 80% of the full replacement cost of the property immediately before the loss, we will pay the greater of the following amounts, but not more than the Limit of Insurance that applies to the property:

**(i)** The actual cash value of the lost or damaged property; or

**(ii)** A proportion of the cost to repair or replace the lost or damaged property, after application of the deductible and without deduction for depreciation. This proportion will equal the ratio of the applicable Limit of Insurance to 80% of the full replacement cost of the property immediately before the loss.

*** * ***

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**WINSTORM OR HAIL PERCENTAGE DEDUCTIBLES**

23

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

## SCHEDULE

| Premises Number | Windstorm Or Hail Deductible Percentage (Enter 1%, 2% Or 5%) |
|---|---|
| 1 | 2% |

The following provisions apply to **Section I – Property:**

The Windstorm or Hail Deductible, as shown in the Schedule and set forth in this endorsement, applies to covered loss or damage caused directly or indirectly by Windstorm or Hail. This Deductible applies to each occurrence of Windstorm or Hail.

With respect to Covered Property at a premises identified in the Schedule, no other deductible applies to Windstorm or Hail.

Nothing in this endorsement implies or affords coverage for any loss or damage that is excluded under the terms of the Water Exclusion or any other exclusion in this policy.

***

**Businessowners Policy**
**Common Policy Declaration**
**Amended Declaration**

***

**Named Insured and Mailing Address:**
**Ferub LLC**
518 1st ST E
Humble, TX 77338-4615

| **Policy Number** | **Policy Period** | **Coverage is provided by the following State Auto Company** |
|---|---|---|
| 10066714CB | 04/09/21 – 04/09/22 | State Automobile Mutual Insurance Company |

The coverage and these declarations are effective at 12:01 a.m. standard time on 11/23/2021 at the above mailing address.

**Reason(s) for Amendment**

| |
|---|
| Policy Change Premium: $0.00 |
| Added – Additional Interest: ALPHA REALTY ADVISORS ISAOA/ATIMA (Mortgagee) |
| Removed – Additional Interest: LFP Interests LLC (Loss Payee) |
| Added – Additional Interest: PHH MORTGAGE SERVICES ISAOA (Liendholder) |

**Business Information**

| Business Type | Business Description | Entity Type |
|---|---|---|
| Mixed | Undetermined | LLC |

***

## Property Coverages

Coverages provided by your Businessowners Policy are described in the coverage forms and endorsements attached to your policy and identified in these declarations. The most we will pay for any once occurrence is the greatest of the applicable limit of insurance shown below. Higher limits shown below supersede limits for the same coverage described in the coverage forms and endorsements.

### Policy-wide

| Coverage | Limit | Premium |
|---|---|---|
| Accounts Receivable | | |
| - Off-Premises | $5,000 | |
| - On-Premises | $10,000 | |
| Business Income and Extra Expense | 12 Consecutive Months – Actual Loss Sustained | |
| - Extended Period of Indemnity Number of Days | 60 | |
| - Ordinary Payroll Number of Days | 60 | |
| Business Income from Dependent Properties | $5,000 | |
| Business Personal Property Temporarily in Portable Storage Units | $10,000 | |
| Electronic Date | $10,000 | |
| Forgery or Alternation ($500 Deductible) | $2,500 | |
| Interruption Of Computer Operations | $10,000 | |
| Limited Fungi, Wet Rot, or Dry Rot | $15,000 | |
| Money Orders and Counterfeit Currency | $1,000 | |
| Outdoor Property | $2,500 | |
| Valuable papers and Records | | |
| - Off-Premises Limit | $5,000 | |
| - On-Premises Limit | $10,000 | |

### Locations

Premise 1: 518 1ST ST E, HUMBLE, TX 77338-4615 Fire District#: 2
Building 1

***

| Building | Coverage | Limit | Premium |
|---|---|---|---|
| 1 | Building – Replacement Cost | $786,462 | $4,753.00 |
| All | Appurtenant Structures | | |
| 1 | Building Limit- Automatic Increase | 2% | |
| 1 | Debris Removal Additional Insurance | $25,000 | |

| All | Fire Department Service Charge | $2,500 | |
| 1 | Newly Acquired or Constructed Property | $250,000/$100,000 | |
| All | Property Deductibles ($1,000 Ded) | | |
| All | Windstorm or Hail Percentage Deductible (2%) | | |

**Additional Interests:**

| Lienholder | Mortgagee |
|---|---|
| PHH MORTGAGE SERVICES ISAOA | 67723081321 |
| PO Box 5954 | APLHA REALTY ADVISORS |
| SPRINGFIELD, OH 45501-5954 | ISAOA/ATIMA |
| | PO Box 7089 |
| | SPRINGFIELD, OH 45501-7729 |

***

65.     Defendant reserves the right to seek the Court's leave to assert additional policy provisions within a reasonable time after Plaintiff discloses any additional damages or policy provisions that Plaintiff contends support coverage.

**Second Defense**
**Failure of Conditions Precedent**

66.     Plaintiff has failed to comply with one or more provisions of the Policy, and, therefore, is precluded from bringing suit to enforce the Policy. The Policy expressly states:

**3.  Duties In The Event Of Loss Or Damage**
**a.** You must see that the following are done in the event of loss or damage to Covered Property:
**(1)** Notify the policy if a law may have been broken.
**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved. . . ..
**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.
**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section **I** – Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.
**(8)** Cooperate with us in the investigation or settlement of the claim.
**(9)** Resume all or part of your "operations" as quickly as possible.

***

**4. Legal Action Against Us**
**a.** Except as provided in Paragraph **b.,** no one may bring a legal action against us under this insurance unless:
    **(1)** There has been full compliance with all of the terms of this insurance; and
    **(2)** The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

67.    For example, and without limitation, Plaintiff failed to provide Defendant with complete inventories of the damaged and undamaged property, including quantities, costs, values and amount of loss claimed as required by the Policy, Plaintiff failed to permit Defendant to inspect the Property as required by the Policy, and Plaintiff failed to cooperate with Defendant in the investigation of the claim as required by the Policy. Accordingly, because Plaintiff has not met all conditions precedent to filing this lawsuit, Plaintiff is contractually precluded from bringing this lawsuit against State Auto.

**Third Defense**
**Lack of Coverage Precludes Extra-Contractual Liability**

68.    The existence of coverage for an insurance claim is generally necessary to establish the basis of claims for violations of the Texas Insurance Code and the common-law duty of good faith and fair dealing. Because Plaintiff's allegations are generally based upon State Auto's alleged failure to investigate the claim and pay policy benefits, the absence of coverage for the allegedly

27

unpaid amounts of the underlying insurance claim precludes the extra-contractual claims against State Auto as a matter of law.

### Fourth Defense
### *Bona Fide* Dispute

69.     Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing, whether under the common law or as authorized by statute, must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, State Auto's liability was not "reasonably clear."  In other words, nothing more than a *bona fide* coverage dispute exists between the parties, which does not permit Plaintiff to recover extra-contractual damages in this case.

### Fifth Defense
### Proportionate Responsibility

70.     Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of his agents, representatives, or employees. For example, but without limitation, Plaintiff or Plaintiff's authorized agents or representatives failed to properly maintain the Property.

### Sixth Defense
### Tolling of Penalties

71.     Plaintiff's live pleading seeks recovery of statutory penalties under Chapter 542 of the Texas Insurance Code, which regulates the prompt payment of claims and provides per annum penalty interest for proved violations. State Auto denies liability under this statute; however, if upon final hearing and trial, the fact finder determines that there have been violations of this statute, State Auto urges the Court to determine that all penalties during any delays attributable to Plaintiff or Plaintiff's attorneys should be tolled.

**Seventh Defense**
**Failure to Mitigate**

72.    Plaintiff's causes of action against State Auto are barred, in whole or in part, because the Plaintiff has failed to take reasonable action(s) to mitigate damages. This includes, but is not limited to, Plaintiff or Plaintiff's authorized agents or representatives' failure to properly maintain the property and failure to repair storm damages arising from a May 2018 storm event for which Plaintiff reported a claim and filed suit against the property's prior insurance carrier.

**Eighth Defense**
**Due Process and Equal Protection**

73.    To the extent Plaintiff seeks punitive damages, State Auto invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.   State Auto affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

74.    To the extent Plaintiff prays for punitive damages, State Auto asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

**Ninth Defense**
**Punitive Damage Limitation**

75.    With respect to Plaintiff's claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code § 41.002–41.009.

## Tenth Defense
### Deductible

76.    To the extent any damage to the covered property is determined by the factfinder to be the result of a covered cause of loss and not otherwise excluded by the provisions of the policy, Plaintiff's recovery is subject to the Policy's Windstorm or Hail deductible of $15,729.24.

## Eleventh Defense
### Limits of Liability

77.    Any recovery by Plaintiff is subject to the policy limits of the applicable Policy as set forth previously. Additionally, Plaintiff may not recover more than its financial interest in the Property.

## Twelfth Defense
### Excessive Demand

78.    State Auto asserts that Plaintiff is not entitled to attorney's fees as it has asserted an excessive demand. Plaintiff has acted unreasonably and in bad faith by demanding monies to which it is not entitled under the Policy, thereby making the demand unreasonable and, consequently, excessive. More specifically, in Plaintiff's demand letter dated August 10, 2022, Plaintiff demanded a total of $97,819.82 in damages, penalty interest, expenses, and attorney's fees.

## Thirteenth Defense
### Payment

79.    Plaintiff's claim has been properly investigated, adjusted, evaluated, and paid. Plaintiff has been reasonably compensated for the damages submitted under the terms of the Policy. Specifically, on January 27, 2022, State Auto issued to Plaintiff payment of $230.41 for covered losses under the subject claim.

**Fourteenth Defense:**
**Loss Settlement Provisions**

80.     State Auto relies on the loss settlement provisions set forth in the relevant insurance policy limiting loss payments to actual cash value except as set forth in the Policy.

**Fifteenth Defense:**
**Offset and Credit**

81.     Plaintiff's damages, if any, must be offset by the amount of applicable policy deductible, and by any credit for indemnity amounts paid to or on behalf of the Plaintiff. State Auto will seek any and all available offsets and credits to which State Auto is entitled under law. This includes, but is not limited to, the Policy's $15,729.24 Windstorm or Hail deductible and the $230.41 indemnity payment issued on January 27, 2022.

**Sixteenth Defense:**
**No Breach of Policy**

82.     Plaintiff's claim has been properly investigated, adjusted, evaluated, and paid. There has been no breach of the Policy, thereby precluding recovery of damages pursuant to any contractual and extra-contractual theory of liability, including violation(s) of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing.

**Seventeenth Defense:**
**Plaintiff Failed to Comply with Notice Requirements of Tx. Ins. Code § 542A.003**

83.     Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail and wind damage.  Plaintiff failed to give proper notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees.  Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiff provides written notice to State Auto not later than

the 61st day before the date Plaintiff files an action to which Chapter 542A applies that must

include:

>    (1)    a statement of the acts or omissions giving rise to the claim;
>
>    (2)    the specific amount alleged to be owed by the insurer on the claim for damage to
>           or loss of covered property; and
>
>    (3)    the amount of reasonable and necessary attorney's fees incurred by the claimant,
>           calculated by multiplying the number of hours actually worked by the claimant's
>           attorney, as of the date the notice is given and as reflected in contemporaneously
>           kept time records, by an hourly rate that is customary for similar legal services.

84.    Furthermore, if an attorney or other representative gives the notice required under

Chapter 542A, the attorney or representative must:

>    (1)    provide a copy of the notice to the claimant; and
>
>    (2)    include in the notice a statement that a copy of the notice was provided to the
>           claimant.

85.    Plaintiff's counsel sent a demand letter dated August 10, 2022 to Defendant State

Auto Mutual Insurance Company through its representative Samantha Long in which Plaintiff

demanded $105,469.78 in "actual damages," and after applying the $15,729 deductible results in

$89,740.78 in "outstanding damages" as alleged by Plaintiff. Plaintiff further seeks $4,487.04 in

"statutory penalties & interest," $1,000 in "expenses," and $2,592 in "attorney fees to date" for a

"total damages" allegation of $97,819.82. Plaintiff's demand does not provide presuit notice as

required by Tex. Ins. Code § 542A.003 because it does not allege the "specific amount alleged to

be owed by the insurer on the claim for damage to or loss of covered property."

86.    Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award

Plaintiff any attorney's fees incurred after the date State Auto filed its original answer asserting

this defense (March 31, 2023).  In the alternative, to the extent the demand letter is deemed timely

and otherwise in compliance with the presuit notice requirements under Chapter 542A, the

provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiff.

**Eighteenth Defense**
**Non-Segregation of Damages**

87.     State Auto asserts that Plaintiff has failed to segregate damages it claims is covered from damage which is not covered by the Policy, including, but not limited to, damage covered and paid for under a prior claim. Specifically, Plaintiff has failed to segregate damages caused by a May 2018 storm that were addressed by a claim, lawsuit, and settlement with Ace Property and Casualty Insurance Company. Plaintiff has, therefore, failed to carry its burden to demonstrate coverage for the claim made the basis of this lawsuit.

**Nineteenth Defense**
**Statutory Limitations for Punitive Damages**

88.     Any recovery by Plaintiff for punitive damages would be subject to the limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

**III. PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing, that Defendant be awarded its reasonable and necessary attorney's fees and costs, and for all such other and further relief to which Defendant may be justly entitled.

*(Signature on following page.)*

33

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this 1st day of August, 2023 to:

Jake Rogiers
Marco D. Flores
Tyler N. Wilson
Flores & Pelaez-Prada, PLLC
3522 Paesanos Parkway, Suite 301
San Antonio, Texas 78231
jrogiers@stormlex.com
mflores@stormlex.com
wilson@stormlex.com

/s/ Patrick M. Kemp
Patrick M. Kemp